UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JULIANNE M. F., ) | |
| ) | |
| *Plaintiff* ) | |
| v. ) | No. 1:18-cv-00469-GZS |
| ) | |
| ANDREW M. SAUL, ) | |
| **Commissioner of Social Security**,[1] ) | |
| ) | |
| *Defendant* ) | |

### RECOMMENDED DECISION ON MOTION TO FILE UNTIMELY MOTION FOR EAJA ATTORNEY FEES

The plaintiff seeks leave to file an untimely motion for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), arguing that her counsel's error in not timely filing the motion was the result of excusable neglect or, in the alternative, that the disruption to her counsel's office caused by the COVID-19 pandemic warrants the equitable tolling of the filing deadline. *See* Motion for Leave to File Untimely Motion for Award of Attorney's Fees ("Motion") (ECF No. 21); Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Leave to File Untimely Motion for Award of Attorney's Fees ("Reply") (ECF No. 24). Because, as the commissioner argues, *see* Defendant's Opposition to Plaintiff's Motion for Leave to File Untimely Motion for Award of Attorney's Fees ("Opposition") (ECF No. 22) at 4-8, the standard, if any, that applies is that of equitable tolling, and the plaintiff does not make the showing required by that standard, I recommend that the motion be denied.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.

## I. Applicable Legal Standard

The plaintiff correctly notes that, in *Richardson v. Astrue*, Civil No. 07-62-P-H, 2010 WL 2927269 (D. Me. July 20, 2010), this court applied the standard of excusable neglect in weighing whether to permit a late attorney fee petition. *See* Motion at 2. However, as the commissioner argues, *see* Opposition at 3-4, in *Richardson*, this court weighed whether to permit the untimely filing of a motion for attorney fees pursuant to 42 U.S.C. § 406(b), with respect to which the court had set a 30-day deadline pursuant to its own Local Rule 54.2, *see Richardson*, 2010 WL 2927269, at *1-3.[2] The court did not purport, through Local Rule 54.2, to set a deadline for the filing of a fee petition pursuant to the EAJA. *See* Loc. R. 54.2. That deadline is instead set by the EAJA, which provides, "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees[.]" 28 U.S.C. § 2412(d)(1)(B).[3]

As the commissioner notes, *see* Opposition at 4-5, in 2013, the First Circuit held that this statutory deadline was "jurisdictional," stripping the court of jurisdiction to act on an untimely EAJA fee petition, *Castañeda-Castillo v. Holder*, 723 F.3d 48, 68-69 (1st Cir. 2013). Yet, as the commissioner acknowledges, *see* Opposition at 5-6, the Supreme Court clarified in 2004 that an EAJA fee petition is not jurisdictional, *see Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (reasoning that, because section 2412(d)(1)(B) of the EAJA "relates only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority[,] . . . the

---

[2] Local Rule 54.2 then provided, and still provides, "[A]ny application for fees under 42 U.S.C. § 406(b) in a Social Security appeal pursuant to 42 U.S.C. § 405(g) that results in a remand under either sentence four or six of 42 U.S.C. § 405(g) shall be filed within 30 days of the date of the Commissioner of Social Security's notice of award that establishes both that there are past due benefits and the amount thereof." *Richardson*, 2010 WL 2927269, at *1; Loc. R. 54.2.
[3] The plaintiff also cites *Marion M. v. Soc. Sec. Admin. Comm'r*, 1:18-CV-00490-LEW, 2019 U.S. Dist. LEXIS 190639 (D. Me. Nov. 4, 2019). *See* Motion at 2. However, *Marion* relies on *Richardson*, which is distinguishable for the reasons discussed above. *See Marion M.*, 2019 U.S. Dist. LEXIS 190639, at *2-3.

provision's 30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional'"). This Supreme Court ruling is dispositive of the question of whether the EAJA's deadline to file is jurisdictional. It is not.

Nonetheless, as the commissioner notes, *see* Opposition at 6, in *Scarborough*, the Supreme Court took no position on whether the doctrine of equitable tolling applied, stating, "Because our decision rests on other grounds, we express no opinion on the applicability of equitable tolling in the circumstances here presented[,]" *Scarborough*, 541 U.S. at 421 n.8. The commissioner acknowledges that other courts have applied the concept of equitable tolling in the EAJA context but argues that the First Circuit's ruling in *Castañeda-Castillo* "seems to counsel against it." Opposition at 6. I need not resolve the point. Even assuming, *arguendo*, that the First Circuit would apply the doctrine of equitable tolling to the filing of EAJA attorney fee petitions, I conclude, for the reasons discussed below, that the plaintiff fails to make the requisite showing.

The Supreme Court has "made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). As this court has explained, the showing necessary to invoke equitable tolling is more stringent than that necessary to demonstrate excusable neglect:

> It is well established that a party seeking the benefit of equitable tolling bears the burden of establishing that "some extraordinary circumstance stood in his way," Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), and "[t]he fundamental principle is that equitable tolling is appropriate only when the circumstances that cause a [party] to miss a filing deadline are out of his hands," Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (quotation marks omitted). Simply put, "a garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Holland v. Florida, 560 U.S. 631, 651-52 (2010) (internal citations and quotation marks omitted); see also Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010) ("[E]quitable tolling is a rare remedy to

3

> be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." (quotation marks omitted)); United States v. Pena, No. 05-10332-GAO, 2015 WL 3741911, at *2 (D. Mass. June 15, 2015) (compiling First Circuit cases holding that garden-variety attorney error does not support equitable tolling).

*Bean v. Wal-Mart Stores, Inc.*, Docket no. 2:16-cv-631-GZS, 2017 WL 530440, at *3 (D. Me. Feb. 9, 2017).

## II. Factual Background

On February 26, 2020, this court entered its final judgment in this case, *see* ECF No. 20, following which the parties had 60 days, or until April 26, 2020, within which to appeal that judgment to the First Circuit, *see* Fed. R. App. P. 4(a)(1)(B)(ii). Pursuant to section 2412(d)(1)(B) of the EAJA, when no appeal was filed by that deadline, the plaintiff had 30 days, or until May 26, 2020, within which to file an EAJA petition for an award of attorney fees. *See* 28 U.S.C. § 2412(d)(1)(B).

On February 26, 2020, the plaintiff's counsel entered the deadline of May 26, 2020, for the filing of an EAJA application on his "deadline list," using the usual reliable method of calendaring deadlines practiced by his office for more than 20 years. *See* Reply at 3. However, the deadline was mistakenly entered on the file as June 26, 2020. *See id*. That mistake was identified on June 2, 2020, *see id*., and this motion was filed the following day, *see* Motion.

The plaintiff's counsel notes that, on March 13, 2020, the President of the United States issued a proclamation declaring a national emergency due to the COVID-19 outbreak, and, on March 24 and 31, 2020, and April 29, 2020, the Governor of Maine issued orders regulating the operation of the state's businesses during the pandemic. *See* Reply at 5-6. He states that "[t]he extraordinary circumstances created by the COVID-19 pandemic resulted in a significant disruption in business operations" at his office, explaining:

> On March 18, 2020, the office was closed to the public. At the time of the outbreak, the undersigned employed 10 employees, including the undersigned and one other

> attorney. While the office was deemed an essential business, the undersigned had a duty to protect employees in compliance with the Governor's Executive Orders. On April 2, 2020, the office implemented restructuring, which involved closing the office to the public and having only three people in the office at one time and no cross exposure between the groups of three. This continued until May 18, 2020, when the office was fully staffed except two employees who have elected to remain at home due to health concerns. The office remains closed to the public.

*Id*. at 6. The plaintiff's counsel adds that, on March 17, 2020, the Social Security Administration ("SSA") was closed to the public, SSA employees began working remotely, and all videoconference hearings were cancelled. *See id*. The SSA offered the option of telephone hearings, requiring that the plaintiff's counsel's office evaluate the file in each of 40 cases that had been scheduled for hearings between March 19, 2020, and May 29, 2020. *See id*. at 6-7. The plaintiff's counsel adds that, for the same time period, more than 100 previously-scheduled appointments needed to be rescheduled. *See id*. at 7.

### III. Discussion

The plaintiff argues that "[t]he deadline was inadvertently missed due to the demands of the restructuring of [her counsel's] office operations in response to Governor Mills' Executive Orders Regarding Essential Businesses and Operations" and that, "[d]ue to the restructuring of office operations, including limited staffing for more than six weeks, the ability to maintain usual operating procedures was significantly hampered." Motion at 1. She adds that, even without taking into account "the 30-day extension granted in [this court's] General Order 2020-2," which "appears to have extended the deadline to June 26, 2020[,]" the instant motion "was filed seven days after what was presumed to be the filing deadline[,]" its grant would have no impact on judicial proceedings in this case, and the commissioner has alleged no resulting prejudice. Reply at 7.

First, as a threshold matter, the plaintiff mistakenly assumes that the 30-day deadline extension provided by this court's General Order 2020-2 extended the parties' deadline to appeal

5

this court's final judgment to the First Circuit. *See* Reply at 2, 7. That is a matter governed by the Federal Rules of Appellate Procedure. *See, e.g.*, *Hawthorne v. McCarthy*, Case No.: 5:18-cv-00689-MHH, 2020 WL 2811467, at *22 (N.D. Ala. May 29, 2020) (noting that court's "recent General Orders Regarding Court Operations During the Public Health Emergency Caused by the COVID-19 Virus, (N.D. Ala. Mar. 17, 2020 and April 13, 2020), do not affect the deadline to challenge a final order or judgment on appeal"; reminding parties that such deadline extensions may be sought pursuant to Fed. R. App. P. 4(a)(5) or 4(a)(6)).[4]

Second, while I accept that the plaintiff's counsel's practice was severely disrupted by the pandemic, the plaintiff falls short of showing that the pandemic itself stood in the way of her timely filing of a motion for EAJA fees. Rather, insofar as appears, on February 26, 2020, prior to the time when operations at the plaintiff's counsel's law office and the SSA were disrupted by the pandemic, the plaintiff's counsel's office correctly noted the EAJA fee motion deadline in a deadline list but mistakenly noted it on the file as June 26, 2020. This was a garden-variety error, not a result of circumstances that cause a party to miss a filing deadline that "are out of his hands[.]" *Bean*, 2017 WL 530440, at *3 (citation and internal quotation marks omitted). Moreover, while the plaintiff has shown that her counsel's practice was substantially disrupted by the pandemic, she has not shown that, but for that disruption, the error would have been discovered in time to file an EAJA fee motion by the deadline.

Therefore, even assuming *arguendo* that the First Circuit would apply the doctrine of equitable tolling in the context of the deadline to file a petition for attorney fees pursuant to the EAJA, the plaintiff falls short of making the showing required to trigger its application. *See id.* (plaintiff's contention that late filing of lawsuit "was the result of a 'glitch' in counsel's normally

---

[4] Nor did this court's General Order 2020-2 extend the plaintiff's deadline to file his EAJA fee petition, which, as discussed above, is statutorily set at 30 days. *See* 28 U.S.C. § 2412(d)(1)(B).

reliable calendaring system and constitute[d] 'excusable neglect'" did not meet her burden pursuant to applicable equitable tolling standard to establish that "'some extraordinary circumstance stood in h[er] way'") (citation omitted).

## IV. Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion to file an untimely motion for attorney fees pursuant to the EAJA be **DENIED**.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 15th day of July, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge